**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIAN E. PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 19-cv-5184 |
| VIVA USA, INC., an Illinois Corporation and ) | |
| THE ALLSTATE CORPORATION, d/b/a ) | |
| ALLSTATE INSURANCE COMPANY, a ) | |
| Foreign Corporation ) | |
| ) | |
| Defendants. ) | JURY DEMANDED |

**COMPLAINT**

**NOW COMES** Plaintiff, MARIAN E. PARKER, by and through her attorneys, the Law Offices of GOLDMAN & EHRLICH, CHTD., and complaining of Defendants, VIVA USA, INC., and ALLSTATE CORPORATION, d/b/a ALLSTATE INSURANCE COMPANY states as follows:

1. This is an action for violations of Title VII, 42 U.S.C. § 2000e *et seq.* for discrimination on the basis of race (African American), for retaliation for making complaints of racial discrimination, and for violations of the Americans with Disabilities Act, 42 U.S.C. § 12117 *et seq.*, based on Defendants' failure to accommodate Plaintiff's disability, and for retaliation for requesting accommodations. Jurisdiction exists under 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 12117 *et seq.* Venue exists because the acts relating to this complaint occurred in the Northern District of Illinois, and Defendants are both residents of, or do business in the Northern District of Illinois.

2. Plaintiff filed a timely charge of discrimination against each Defendant with the Equal Employment Opportunity Commission (EEOC) in February of 2018. The EEOC issued Plaintiff a Right to Sue letter dated April 29, 2019 for her claim against Defendant VIVA USA, INC., and issued a Right to Sue letter for her claim against THE ALLSTATE CORPORATION,

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

d/b/a ALLSTATE INSURANCE COMPANY dated May 1, 2019. Plaintiff received these Right to Sue letters on or about May 9, 2019.

3. Plaintiff, MARIAN E. PARKER, is a resident of New York, She was employed by Defendants in March 2017 until her termination on or about April 25, 2017. Plaintiff is African American. Plaintiff met all of Defendants' legitimate job expectations.

4. Defendant, VIVA USA, INC, (VIVA) is a corporation created under the laws of the State of Illinois. VIVA is based in Rolling Meadows, Illinois and operates as a staffing firm placing employees at companies that are clients of VIVA. Some of VIVA's placements end up as permanent employees for its client.

5. Defendant THE ALLSTATE CORPORATION (ALLSTATE), is a foreign corporation which does business in, and is a resident of Northbrook, Illinois. ALLSTATE does business as Allstate Insurance Company.

6. Plaintiff was hired by VIVA as an employee in March 2017 to work as a Cybersecurity Risk Reporting Analyst for ALLSTATE at its headquarters in Northbrook, Illinois. Plaintiff was paid by VIVA as an employee, and indirectly paid by ALLSTATE which reimbursed VIVA for the salary paid to Plaintiff.

7. Pursuant to the terms of her employment with Defendants, Plaintiff would initially work for the first 90 days at ALLSTATE's headquarters in Northbrook, Illinois, and would then work remotely from New York performing duties for ALLSTATE beginning on or about June 27, 2017. Plaintiff was also informed that she would become a full time employee working directly for ALLSTATE and be paid directly by ALLSTATE as of October 2, 2017, and would then be working as a remote employee for ALLSTATE from New York.

8. ALLSTATE was responsible for assigning Plaintiff her tasks and duties, supervised the work she performed, evaluated her performance, and controlled her work schedule.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

2

ALLSTATE was responsible for approving changes in Plaintiff's work schedule and her requests for time off.

9. ALLSTATE had the authority to terminate Plaintiff's position and to direct VIVA to remove her from her position with ALLSTATE, and would ultimately make the decision on whether to directly employ Plaintiff as a full time employee with ALLSTATE in October 2017.

10. ALLSTATE had the authority to approve or deny any requests Plaintiff made for reasonable accommodations under the Americans with Disabilities Act.

11. VIVA also had the authority to terminate Plaintiff's employment and controlled her salary. VIVA's Human Resources office made other personnel decisions that affected Plaintiff, and was involved in the application and decision process for any requests that Plaintiff made for a reasonable accommodation.

12. Defendants VIVA and ALLSTATE were joint employers for Plaintiff because they were both involved in making decisions that directly affected Plaintiff's work schedule, rate of pay, continued employment, and the status of Plaintiff as either an employee for VIVA or for ALLSTATE. Both Defendants were also directly involved in discriminating and retaliating against Plaintiff, and in the refusal to grant Plaintiff's request for reasonable accommodations.

## COUNT I
## RETALIATION

13. In or about April 2017, while working at ALLSTATE, Plaintiff's supervisor and others working at ALLSTATE made several racist and derogatory comments about African Americans.

14. On or about April 13, 2017, Plaintiff's supervisor made disparaging remarks about legal cases involving African-Americans, including complaints about how attorneys defending OJ Simpson had used the "race card" at the trial and that Johnny Cochran wore ridiculous African ties with his suits just to impress the African-American jurors.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3

15. Plaintiff objected to those comments and explained that there were several cases involving non-African Americans which led to miscarriages of justice. The Supervisor subsequently treated Plaintiff in a hostile manner after Plaintiff objected to her comments.

16. In or about April 2017, this same ALLSTATE supervisor and another individual working at in a conference room at ALLSTATE began singing along with a tune being played on a computer at work which used offensive and discriminatory terms such as "bitch."

17. On or about April 13, 2017, when Plaintiff's supervisor at ALLSTATE received a summons for jury duty, an individual working at ALLSTATE stated that she should wear her hair in an "Afro" and start "rappin" to avoid being picked for a jury. Other individuals in the conference room at ALLSTATE laughed at this comment.

18. Plaintiff reached out to VIVA about these discriminatory comments on or about April 19, 2017. Plaintiff also contacted ALLSTATE on or about April 21, 2017 to discuss the discriminatory statements made by her ALLSTATE supervisor.

19. Defendants began to retaliate against Plaintiff after she complained and objected to these discriminatory statements.

20. Plaintiff was told by her manager at ALLSTATE on April 25, 2017 that she would be meeting with VIVA shortly and would need to tell VIVA if Plaintiff was truly "with the program" at Allstate. When Plaintiff then met with VIVA in the early afternoon on April 25, 2017, VIVA told her that while ALLSTATE liked her work performance, ALLSTATE needed to know how committed Plaintiff was to ALLSTATE. Defendants made these comments because Plaintiff had complained about discriminatory statements.

21. In March of 2017, VIVA and ALLSTATE granted Plaintiff's request to work remotely from New York on April 7, 2017 as a reasonable accommodation. On or about April 10, 2017, Plaintiff reminded Defendants about her request for accommodations to work remotely on a Friday in May to again obtain medical treatment from her physician. Defendants did not object.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4

22. On or about April 25, 2017, Plaintiff's request to work remotely in May was formally denied. Defendants told Plaintiff that she was required to work the entire 90 day period at ALLSTATE's Northbrook office, and ALLSTATE warned her that her assignment with ALLSTATE would be terminated if she did not remain working on site at Northbrook during her 90 day period.

23. Many employees and consultants working at ALLSTATE worked remotely on Fridays, including Plaintiff's supervisor and manager.

24. On April 25, 2017, VIVA told Plaintiff that she may not be allowed to work remotely from New York even after her initial 90 day period, and that when she becomes a full time employee with ALLSTATE, she will be required to physically work at the Northbrook office.

25. Prior to her complaints about discrimination, VIVA told Plaintiff that she would be able to work remotely from New York after her first 90 day period, and would be able to work remotely once ALLSTATE made her a full time employee which was anticipated to occur in October of 2017.

26. On April 26, 2017, VIVA notified Plaintiff that ALLSTATE had terminated her position on the evening of April 25, 2017.

27. Defendants terminated Plaintiff in retaliation for making complaints of discrimination. Rather than take appropriate action to investigate Plaintiff's complaints, VIVA supported ALLSTATE's retaliatory actions and terminated Plaintiff from VIVA and did not look for another position for Plaintiff with another client.

28. Defendants did not take these actions against employees or individuals assigned to work at ALLSTATE who did not make complaints of discrimination.

29. Defendants violated Title VII, 42 U.S.C. §2000e *et seq.*, by retaliating against Plaintiff for making complaints of discrimination to both Defendants. Defendant's conduct

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

caused Plaintiff to lose salary and other employment benefits and caused her to suffer emotional distress.

30. Defendants' actions have been willful and malicious.

31. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against each Defendant, and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

C. Punitive damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

D. Attorney's fees and costs; and

E. Such other relief as this court deems appropriate, including front pay and reinstatement.

## COUNT II
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

1-12. Plaintiff realleges ¶¶ 1-12 of Count I above, as ¶¶ 1-12 of this Count II.

13. Plaintiff suffers from asthma and related disabilities which substantially limit some of her major life activities, including breathing. Plaintiff is required to take regular medical treatments for her condition.

14. Despite this disability, Plaintiff is and has been able to perform the essential functions of her job and met Defendants' legitimate job expectations at all times relevant to this complaint.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

15. Plaintiff informed VIVA in March 2017 before she was hired, that she may need to fly home to New York once a month, on a Friday, to obtain medical treatment from her physician, but that she would still be able to work remotely on those dates. VIVA and ALLSTATE both approved of this request in March of 2017.

16. On or about Friday, April 7, 2017, Defendants easily accommodated Plaintiff by allowing her to work remotely from New York on that date. Defendants did not make any objections when she returned to ALLSTATE's Northbrook office.

17. On or about April 10, 2017, Plaintiff reminded VIVA and her supervisor at ALLSTATE that she would be working remotely on a Friday in May 2017 so she could again obtain treatment from her physician in New York. Plaintiff explained that she would schedule her appointment during her lunch hour so there would be little to no downtime from her work.

18. On or about April 25, 2017, ALLSTATE told Plaintiff her request for a reasonable accommodation was denied and that she would be required to work her entire 90 day period at the Northbrook office.

19. When Plaintiff met with VIVA in the afternoon on April 25, 2017, VIVA told her that ALLSTATE needed to know how committed Plaintiff was to ALLSTATE and warned her that she would be terminated if she asked to work remotely due to her need for medical treatment.

20. Defendants could have reasonably accommodated Plaintiff by letting her work remotely one Friday a month. Defendants allowed her to do this without any complications in April, and many employees and contractors or consultants working at ALLSTATE worked remotely on Fridays, including Plaintiff's supervisor and manager.

21. Defendants refused to provide any accommodation to Plaintiff and refused to engage in any interactive process. Defendants then terminated Plaintiff effective April 25, 2017.

22. Defendants' refusal to provide Plaintiff a reasonable accommodation violated the Americans with Disabilities Act (ADA).

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

7

23. Defendants also violated the ADA by discriminating against Plaintiff because of her disability and by retaliating against her for requesting a reasonable accommodation. Defendants have not taken these actions against employees who did not have this disability or against employees who did not seek these types of reasonable accommodations.

24. Defendants' actions have been willful and malicious.

25. Defendant's actions violated 42 U.S.C. § 12117 *et seq.*, and caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

26. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against each Defendant, and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of On Hundred Thousand Dollars ($100,000.00);

B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

C. Punitive damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

D. Attorney's fees and costs; and

E. Such other relief as this court deems appropriate, including front pay and reinstatement.

## COUNT III
## RACE DISCRIMINATION

1-12. Plaintiff realleges ¶¶ 1-12 of Count I above, as ¶¶ 1-12 of this Count III.

13. In or about April 2017, while working in ALLSTATE's conference room, Plaintiff's supervisors and other individuals working at ALLSTATE made several racial and derogatory comments about African Americans and began treating Plaintiff differently because of her race.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

14. On or about April 13, 2017, Plaintiff's supervisor made disparaging remarks about legal cases involving African-Americans, including complaints about how attorneys defending OJ Simpson had used the "race card" at the trial and that Johnny Cochran wore ridiculous African ties with his suits to impress the African-American jurors.

15. Plaintiff objected to those comments and explained that there were several non-African American trials which led to miscarriages of justice. The Supervisor subsequently treated Plaintiff in a hostile manner after Plaintiff objected to her comments.

16. In or about April 2017, this same supervisor and another individual working at ALLSTATE began singing to a tune that was playing on a computer at work which used offensive and discriminatory terms.

17. On or about April 13, 2017, when Plaintiff's supervisor at ALLSTATE received a summons for jury duty, an individual working at ALLSTATE stated that she should wear her hair in an "Afro" and start "rappin" to avoid being picked for a jury. Other individuals laughed at this comment.

18. Plaintiff complained about these discriminatory comments to VIVA on or about April 19, 2017 and then complained to ALLSTATE. Defendants failed to take action to address her complaints of discrimination.

19. On or about April 25, 2017, Defendants told Plaintiff they would not grant her request for a reasonable accommodation to work remotely on a Friday in May 2017.

20. On April 26, 2017, VIVA notified Plaintiff that ALLSTATE had terminated her position on the evening of April 25, 2017.

21. Defendants terminated Plaintiff and refused to provide her a reasonable accommodation because of her race. Rather than take appropriate action to investigate Plaintiff's complaints, VIVA supported ALLSTATE's discriminatory actions and terminated Plaintiff from VIVA and refused to find any other position for Plaintiff with another client.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

22. Defendants did not take these actions against non African American employees. Defendants' actions were willful and malicious.

23. Defendants violated Title VII, 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff based on her race. Defendants' conduct caused Plaintiff to lose salary and other employment benefits and caused her to suffer emotional distress.

24. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against each Defendant, and that Plaintiff be awarded the following relief:

    A. Actual damages for lost salary and employment benefits in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

    B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

    C. Punitive damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

    D. Attorney's fees and costs; and

    E. Such other relief as this court deems appropriate, including front pay and reinstatement.

Dated: July 31, 2019

/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH, as attorney for Plaintiff MARIAN E. PARKER

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364