IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIAN E. PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cv-5184 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| VIVA USA, INC. and ALLSTATE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marian Parker brings this action claiming violations of Title VII, 42 U.S.C. § 2000e, *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117, *et seq.* Defendants VIVA USA, Inc. ("VIVA") and Allstate Insurance Company ("Allstate") have filed a joint motion to compel arbitration pursuant to Federal Rule of Civil Procedure 12(b)(3). For the reasons stated below, the Court grants defendants' motion to compel arbitration.

**Background**

In March 2017, VIVA hired Parker as a Cybersecurity Risk Reporting Analyst for its customer Allstate. VIVA is a technology-solutions vendor that places professionals in technology-related temporary positions. Pursuant to the terms of her employment with defendants, Parker would initially work for the first 90 days at Allstate's headquarters in Northbrook, Illinois, and then would work remotely from New York beginning on June 27, 2017. Parker alleges that defendants informed her that she would become a full-time employee working directly for Allstate and be paid directly by Allstate in October 2017. Further, Parker asserts that both Allstate and VIVA had the authority to terminate her employment and make other personnel decisions affecting her, including providing reasonable accommodations under the ADA.

On March 7, 2017, Parker executed an employment agreement with VIVA that contained the following arbitration clause:

> Any dispute, controversy or claim arising out of, involving, affecting or related in any way to this Agreement and Addendum or a breach of this Agreement and Addendum, or in any way arising out of, involving, affecting or related to Employee's employment or the conditions of employment or the termination of employment, or in any way arising out of, involving, affecting, or related to Assignment or termination of Assignment with any Customer of Employer … under Federal, State and/or local laws, shall be resolved by final and binding arbitration, pursuant to the Federal Arbitration Act, in accordance with the applicable rules of the American Arbitration Association in the state where Employee is or was last employed by Employer. **The arbitrator shall be entitled to award reasonable attorney's fees and costs to the prevailing party**. The award shall be in writing, signed by the arbitrator, and shall provide the reasons for the award. Judgment upon the arbitrator's award may be filed in and enforced by any court having jurisdiction. This agreement to arbitrate disputes does not prevent Employee from filing a charge or claim with any governmental administrative agency as permitted by applicable law.

(R. 26-1, Empl. Agmt. ¶ 4.) (emphasis added).

Parker was terminated from her employment on April 25, 2017, and filed a timely charge of discrimination with the EEOC in February 2018. The EEOC issued Parker's right to sue letters that she received on May 9, 2019. Parker then filed this lawsuit on July 31, 2019.

**Legal Standard**

A motion to dismiss under Rule 12(b)(3) for improper venue is the appropriate procedure when a litigant seeks to dismiss a lawsuit based on an arbitration agreement. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011); *Automobile Mech. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). When making a determination under Rule 12(b)(3), district courts may consider materials outside of the pleadings, including the parties' arbitration agreement. *Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). In determining whether an agreement's arbitration clause controls, federal courts apply state-law principles of contract formation. *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 710 (7th Cir. 2019). "Generally, federal policy favors arbitration, and once an

2

enforceable arbitration contract is shown to exist, questions as to the scope of arbitrable issues should be resolved in favor of arbitration." *Scheurer v. Fromm Family Foods, LLC*, 863 F.3d 748, 752 (7th Cir. 2017).

**Discussion**

In response to defendants' motion to compel arbitration, Parker asserts that the entire arbitration agreement is unenforceable because it allows for fee-shifting to the prevailing party without qualification – even if the prevailing party is the defendant employer – thus contradicting Title VII's goals and policies. To clarify, "[a]lthough section 706(k) of Title VII provides for fee shifting in favor of any 'prevailing party,' 42 U.S.C. § 2000e-5(k), courts have long recognized that fees should be awarded to prevailing defendants only in exceptional cases." *EEOC v. CVS Pharmacy, Inc.,* 907 F.3d 968, 973 (7th Cir. 2018). As the Seventh Circuit explains:

> A prevailing defendant, as well as a prevailing plaintiff, may be awarded attorney's fees under section 1988. In order to collect attorney's fees, a prevailing defendant "must demonstrate that the plaintiff brought her action in subjective bad faith, or that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" In *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), the Supreme Court vacated an attorney's fee award to a prevailing defendant and held that "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." Vigorous enforcement of civil rights laws is the policy underlying the stringent standard required of prevailing *defendants* who seek payment of their attorney's fees.

*Leffler v. Meer*, 936 F.2d 981, 986 (7th Cir. 1991) (internal citations omitted) (emphasis in original). Simply put, if a defendant employer is the prevailing party in an employment discrimination lawsuit, defendant can only seek and receive attorney's fees if plaintiff's action was brought in bad faith or was frivolous, unreasonable, or without foundation. *Bluestein v. Central Wis. Anesthesiology, S.C.,* 769 F.3d 944, 956 (7th Cir. 2014).

It is undisputed that the language in the arbitration clause does not correctly state Title VII's fee-shifting standard for prevailing defendants. Nonetheless, Parker does not develop her argument that the entire arbitration clause is unenforceable. Parker, for example, does not acknowledge that

3

"the power to declare a private contract invalid on public policy grounds is exercised sparingly." *Sweis v. Founders Ins. Co.,* 98 N.E.3d 485, 501, 420 Ill.Dec. 868, 884 (1st Dist. 2017) (citation omitted). Furthermore, Parker does not respond to defendants' argument that courts may sever portions of an arbitration clause that are unenforceable. *See Safranek v. Copart, Inc.,* 379 F.Supp.2d 927, 935 (N.D. Ill. 2005) ("Given the strong federal policy favoring arbitration, and the ability of the courts to sever unenforceable provisions of otherwise valid agreements, the best course in this case is to sever the portion of the arbitration clause stating that each party shall bear its own costs with respect to attorney's fees.") (Coar, J.); *Kinkel v. Cingular Wireless, LLC,* 828 N.E.2d 812, 823–24, 293 Ill.Dec. 502, 513–14, 357 Ill.App.3d 556, 569 (5th Dist. 2005) ("We must keep in mind the strong policy in favor of enforcing arbitration agreements, which is best served by allowing the valid portions of the arbitration agreement to remain in force while severing the unconscionable provision.").

Here, as in *Safranek*, where the arbitration clause conflicted with Title VII's fee provision, the Court severs the language "the arbitrator shall be entitled to award reasonable attorney's fees and costs to the prevailing party" from the rest of the provision instead of finding the entire arbitration provision unenforceable. *Id.* at 935 ("Under Illinois law, a court may, in its discretion, 'modify a contract so that it comports with the law or sever unenforceable provisions from a contract.'") (citation omitted). By modifying the arbitration clause as such, Parker's concerns about the costs of arbitration are ameliorated. *See id.* (citing *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003)).

Next, Parker argues that Allstate is not a third-party beneficiary to the employment agreement, and thus is not entitled to seek arbitration. Illinois courts recognize third-party beneficiaries if the party is identified in the contract or the third-party benefit is clearly intended by the contracting parties. *Community Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 820 (7th Cir. 2018). Allstate is identified in the arbitration clause as VIVA's "customer" and the addendum to the

4

employment contract specifically lists Allstate as VIVA's customer. Parker's claims against Allstate arise out of its actions as VIVA's customer, and she alleges that both VIVA and Allstate are her employers. As such, there is no doubt that Allstate was intended to benefit under the employment agreement as a third-party beneficiary. *Continental Cas. Co.*, 417 F.3d at 734 ("An intended beneficiary is intended by the parties to the contract to receive a benefit for the performance of the agreement and has rights and may sue under the contract."). Accordingly, Parker's argument is without merit.

**Conclusion**

Based on the foregoing, the Court grants defendants' joint motion to compel arbitration [26]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 7/31/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge